[No. 60241-7.  En Banc.  December 9, 1993.]

NADINE BOUR, *Respondent*, v. MICHAEL JOHNSON, ET AL, *Defendants*, DEEP PACIFIC FISHING Co., *Petitioner.*

*Kenneth Fielding* and *Julie Anne Shankland* (of *Bonneville, Viert, Morton & McGoldrick*), for petitioner.

*The Dolack Hansler Firm, Inc. P.S.* and *Michael E. Ritchie*, for respondent.

DOLLIVER, J. — Deep Pacific Fishing Co. seeks review of the Court of Appeals decision holding the bankruptcy petition filed by Deep Pacific's employee, Michael Johnson, does not affect the amount of the reduced default judgment enforceable against Deep Pacific as garnishee under RCW 6.27-.200. Deep Pacific contends the reduced judgment should not include Johnson's nonexempt earnings from a second fishing trip because the bankruptcy stay precluded those earnings from being "subject to the lien provided for in RCW 6.27.350" as required by RCW 6.27.200. The Court of Appeals held the automatic stay did not prevent those earnings from being included in the reduced amount because the judgment did not affect property of the debtor. *Bour v. Johnson*, noted at 67 Wn. App. 1026 (1992). We affirm.

Nadine Bour obtained a judgment against Michael Johnson in an unlawful detainer action. To enforce the judgment, Bour served a writ of garnishment on Johnson's employer, Deep Pacific, on June 1, 1990. Johnson was a crew member on a long-line fishing vessel operated by Deep Pacific in the Gulf of Alaska. Crew members' wages are not due until the trip is completed and wages can be calculated. On the date of service, Deep Pacific owed Johnson $1,386.96 for a fishing trip completed on May 6, 1990. After subtracting federal taxes and Social Security, Johnson's disposable wages totaled $507.46, of which 25 percent or $126.87 was nonexempt. RCW 6.27.150(1)(b). Deep Pacific inadvertently paid Johnson his full disposable wages and failed to answer the writ. As a consequence, on June 28, 1990, Bour obtained a default judgment against Deep Pacific for the total amount of the judgment, $5,657, including costs and interest.

Between June 16, 1990, and July 16, 1990, Johnson worked for Deep Pacific on a second fishing trip and earned $7,157, the nonexempt portion of which was $1,789.25. On July 3, 1990, Johnson filed for protection under chapter 7 of the United States Bankruptcy Code.

Deep Pacific moved to reduce the amount of the default judgment pursuant to RCW 6.27.200. The reduced judgment is calculated by adding the amount of nonexempt funds in the possession of the garnishee when the writ was served, "plus the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350, or the sum of one hundred dollars, whichever is more . . .". RCW 6.27-.350(1) provides for a continuing lien on nonexempt earnings for an ensuing 60-day period.

Deep Pacific sought a reduction of the judgment amount to $126.87, plus $200 attorney fees, arguing the automatic stay precluded earnings from the second trip from being "subject to the lien provided for in RCW 6.27.350 . . .". Bour countered the automatic stay did not affect the calculation of the reduction because the judgment was not against the debtor or the property of the estate, but rather against Deep Pacific. Bour sought a reduced judgment in the amount of $1,916.12 ($1,789.25 (nonexempt wages from second fishing trip) plus $126.87 (nonexempt wages from first fishing trip)) plus $1,774.50 in attorney fees.

The trial court prorated the nonexempt wages Johnson earned from the second trip before the bankruptcy petition was filed on July 3, 1990. These wages were added to the $126.87 from the first trip to arrive at a reduced judgment of $1,012. The trial court also awarded Bour $1,000 in attorney fees for a total judgment of $2,012. Both parties appealed.

The Court of Appeals initially agreed with Deep Pacific and held that the automatic stay precluded Johnson's nonexempt earnings from the second fishing trip from being subject to the lien provided for in RCW 6.27.350. *Bour v. Johnson*, noted at 65 Wn. App. 1023 (1992), slip op. at 6-8. On reconsideration, the court reversed its position and accepted Bour's

contention that the automatic stay did not affect the calculation of the reduced judgment amount because the default judgment was obtained prior to the bankruptcy filing. *Bour v. Johnson*, noted at 67 Wn. App. 1026 (1992), slip op. at 6-9. Deep Pacific's motion for reconsideration was denied. This court granted Deep Pacific's petition for review.

The threshold question is whether an employee's bankruptcy petition operates to stay the enforcement of a default judgment previously obtained against a garnishee/employer. The majority of courts hold the language in 11 U.S.C. § 362 does not operate to preclude such proceedings because the judgment does not affect property of the debtor's estate. *See American Gen. Fin. Co. v. United Ready Mix, Inc.*, 70 Ohio App. 3d 195, 590 N.E.2d 867 (1990); *In re Gray*, 97 Bankr. 930 (Bankr. N.D. Ill. 1989); *Aluminum Co. of Am. v. Higgins*, 5 Ark. App. 296, 635 S.W.2d 290 (1982); *Morris Lake & Son v. Strickland*, 55 So. 2d 51 (La. Ct. App. 1951); *Morris Plan Bank v. Simmons*, 201 Ga. 157, 39 S.E.2d 166 (1946). *Cf. North Sea Prods., Ltd. v. Clipper Seafoods Co.*, 92 Wn.2d 236, 595 P.2d 938 (1979) (under former garnishment statute, default judgment is a direct proceeding against garnishee and should be enforced like any other judgment). The contrary view focuses upon the policy underlying the automatic stay and concludes the enforcement of a default judgment against a garnishee/employer indirectly continues the proceedings against the debtor by affecting the employment relationship and the ability of the debtor to fully obtain a fresh start. *See In re Warren*, 7 Bankr. 201 (Bankr. N.D. Ala. 1980).

The *Warren* court expressed its concerns regarding the enforcement of the default judgment as follows:

> [S]ince no wages were withheld, and prosecution of the judgment will probably result in the debtor's dismissal from his job or result in the company's withholding from his paycheck the amount of the debt to recoup their loss, the garnishment should be dismissed.

*Warren*, 7 Bankr. at 205.

In this case, the concern regarding employment termination is alleviated by statute in Washington. RCW 6.27.170 provides:

> No employer shall discharge an employee for the reason that a creditor of the employee has subjected or attempted to subject unpaid earnings of the employee to a writ of garnishment directed to the employer . . ..

Likewise, any attempt by Deep Pacific to recoup its loss from Johnson's postpetition wages would be violative of RCW 49.52.050(2), which makes it unlawful for an employer to willfully withhold wages from an employee.

■ We agree with the majority rule and hold the automatic stay does not preclude enforcement of a default judgment against a garnishee/employer because the judgment does not affect property of the debtor. We also note the concerns expressed in *Warren* are alleviated by statute in Washington.

We now turn to the calculation of the reduced default judgment amount enforceable against Deep Pacific. RCW 6.27.200 provides that a default judgment may be rendered against a garnishee defendant for the full amount of the judgment if the garnishee fails to answer the writ of garnishment within 20 days of service. *See* RCW 6.27.100. The amount of the default judgment can be reduced, however, upon motion by the garnishee within 7 days of service of a writ of execution or writ of garnishment under the judgment. RCW 6.27.200. Washington's statutory scheme for calculating the reduction of such judgments is unique among the states.

Upon motion by a garnishee, the amount of the default judgment

> shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served, *plus the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350*, or the sum of one hundred dollars, whichever is more . . ..

(Italics ours.) RCW 6.27.200. RCW 6.27.350(1) provides:

> Where the garnishee's answer to a garnishment for a continuing lien reflects that the defendant is employed by the gar-

nishee, the judgment or balance due thereon as reflected on the writ of garnishment shall become a lien on earnings due at the time of the effective date of the writ, as defined in this subsection, to the extent that they are not exempt from garnishment, and *such lien shall continue as to subsequent nonexempt earnings until the total subject to the lien equals the amount stated on the writ of garnishment or until the expiration of the employer's payroll period ending on or before sixty days after the effective date of the writ, whichever occurs first*, except such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated, modified, or satisfied in full or if the writ is dismissed. . . .

(Italics ours.)

Whether an employee's bankruptcy affects the calculation of the amount of the reduced default judgment is an issue of first impression.

■■ "This court has the ultimate authority to determine the meaning and purpose of a statute." *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992). Two statutes must be read together "to give each effect and to harmonize each with the other." *Draper Mach. Works, Inc. v. Department of Natural Resources*, 117 Wn.2d 306, 313, 815 P.2d 770 (1991). Strained, unlikely or unrealistic interpretations are to be avoided. *State ex rel. Faulk v. CSG Job Ctr.*, 117 Wn.2d 493, 500, 816 P.2d 725 (1991).

The Court of Appeals held that because the automatic stay is not triggered due to the default judgment, the reduction should be calculated based upon the nonexempt earnings which would have become due within the ensuing 60-day period. Deep Pacific disagrees, asserting the reduction formula is intended to place the parties in the position they would have been in had the garnishee answered. If the garnishee had answered, the automatic stay would have terminated the enforcement of the continuing lien. *See Miller v. National Franchise Servs., Inc.*, 167 Ariz. 403, 807 P.2d 1139 (1991); *In re Mitchell*, 66 Bankr. 73 (Bankr. S.D. Ohio 1986). Thus, Deep Pacific contends that any defenses the debtor/employee would have had to terminate or stay the enforcement of the garnishment proceeding are relevant to the calculation of the reduced judgment, even though no actual lien arises. This interpretation is not persuasive.

RCW 6.27.200 states the reduced default judgment should include amounts "subject to the lien provided for in RCW 6.27.350". RCW 6.27.350 expressly states that certain circumstances will result in early termination of the continuing lien.

> [S]uch lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated, modified, or satisfied in full or if the writ is dismissed. . . .

RCW 6.27.350(1). Thus, "the lien provided for in RCW 6.27-.350" ceases if the employment relationship or the debtor's obligation ends. These circumstances would also affect the calculation of a reduced judgment.

■■ A chapter 7 bankruptcy filing is an alternative circumstance which terminates the debtor's existing obligation to a judgment creditor. The Legislature, however, did not include bankruptcy in its list of circumstances triggering early termination. Legislative inclusion of certain items in a category implies that other items in that category are intended to be excluded. *See Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 134, 814 P.2d 629 (1991); *State v. Sommerville*, 111 Wn.2d 524, 535, 760 P.2d 932 (1988); *State v. Greco*, 57 Wn. App. 196, 201, 787 P.2d 940, *review denied*, 114 Wn.2d 1027 (1990). Here, the implication is that the Legislature intended to exclude bankruptcy as a circumstance triggering early termination of the continuing lien for purposes of calculating reduced judgment amounts.

In addition, Deep Pacific's interpretation would, in effect, construe RCW 6.27.200 as providing that the reduced judgment includes the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350 *to the extent the lien would not have been affected by other valid law.* The necessity of such a proviso represents an unlikely, if not strained, construction of the statutory language. *See Draper*, 117 Wn.2d at 315.

We hold Johnson's bankruptcy does not affect the calculation of the reduced default judgment under RCW 6.27.200. The Court of Appeals properly held the reduced judgment included Johnson's nonexempt earnings from the second fishing trip.

We affirm the Court of Appeals and grant reasonable attorney fees on appeal to Bour pursuant to RCW 6.27.200.

UTTER, BRACHTENBACH, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.

ANDERSEN, C.J., concurs in the result.

Reconsideration denied January 18, 1994.