[Nos. 43144-7-I; 43229-0-I.   Division One.   August 30, 1999.]

THE STATE OF WASHINGTON, *Appellant*, v. B.P.M., *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. E.J.Y., *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for appellant.

*Simmie Ann Baer, Kenneth P. Henrikson,* and *Steven Witchley,* for respondents.

BAKER, J. — E.J.Y. and B.P.M. were charged with offenses at the time they were 11 years old. Under RCW 9A.04.050 children between the ages of 8 and 12 years old are presumed incapable of committing crimes. The presumption may be rebutted by clear and convincing evidence at a capacity hearing. JuCR 7.6(e) states that such capacity hearings shall be held within 14 days of the filing of an information. In the cases at bar, capacity hearings were not held within the 14-day period and the trial courts dismissed the charges against the juveniles on the basis of a lack of jurisdiction. The State appeals those dismissals.

We hold that the trial courts did not lack jurisdiction. The trial courts should have considered the State's request for an enlargement of time under CR 6 and determined whether the State was able to show cause for such a request. Although the trial courts could have considered the prejudice to these juveniles caused by the failure to hold timely capacity hearings, and exercised discretion in deciding whether to dismiss charges on that basis, the dismissal of charges here was based on an incorrect legal standard. We thus reverse and remand for further proceedings consistent with this opinion.

I

E.J.Y.

Eleven-year-old E.J.Y. was charged by information with assault in the second degree. At a hearing two weeks later, the State moved to continue the hearing because it was not prepared to address E.J.Y.'s capacity at that time due to internal error within the prosecutor's office. E.J.Y. did not agree to a continuance but rather moved to dismiss the case, partially because the capacity issue would not be resolved within the 14-day period set forth under JuCR 7.6(e). On August 14, 1998, after briefing on the capacity issue, the trial court stated:

The Court hereby dismisses this case for violation of the court

rule re: the state going forward with the capacity hearing within 14 days. Court finds that JuCR 7.6(e) is jurisdictional.

The State appeals that determination.

B.P.M.

Eleven-year-old B.P.M. was charged by information with threatening to bomb his school. At a hearing 15 days later, it was noted that the issue of B.P.M.'s capacity had not been resolved. After reviewing briefing on the capacity issue, the trial court stated:

> The court hereby dismisses this case due to lack of jurisdiction. State failed to set hearing [illegible] in 14 days as required under JuCR 7.6(b).

The State appeals that determination.

## II

Construction of penal provisions is a question of law, reviewed de novo on appeal.[1] RCW 9A.04.030 reads:

**State criminal jurisdiction**

The following persons are liable to punishment:

(1) A person who commits in the state any crime, in whole or in part. . . .

RCW 9A.04.050 states:

**People capable of committing crimes—Capability of children**

Children under the age of eight years are incapable of committing crime. Children of eight and under twelve years of age are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong. . . .

---

[1]*State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998).

JuCR 7.6(e) was amended effective July 29, 1997 as follows:

**Determination of Capacity.** A hearing to determine the juvenile's capacity shall be held within 14 days from the filing of the information, separate from and prior to arraignment. Notice of the hearing to determine capacity and its purpose shall be given in accordance with rule 11.2.

The charges against these juveniles were dismissed because the trial courts found a lack of jurisdiction to proceed. The rule of law as to when a trial court does or does not have jurisdiction was recently clarified by *Marley v. Department of Labor & Industries*.[2] In order for a trial court to have jurisdiction over a particular matter, it must have both "subject matter jurisdiction" and "personal jurisdiction."[3]

■ A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate.[4] The proper focus of such an inquiry must be on the words "type of controversy," and if the type of controversy is within the subject matter jurisdiction, then all other claimed defects or errors go to something other than subject matter jurisdiction.[5]

The Legislature has granted the juvenile courts broad and exclusive original jurisdiction under RCW 13.04.030. Subject to exceptions that are not applicable here, that grant of authority provides the juvenile courts with exclusive jurisdiction over individuals under the chronological age of 18 years who have allegedly committed criminal offenses.[6] E.J.Y. and B.P.M. were both under the chronological age of 18 years at the time they allegedly committed criminal offenses, and the trial courts had the ability to

---

[2]125 Wn.2d 533, 886 P.2d 189 (1994).

[3]*Id.* at 538-39.

[4]*Id.* at 539.

[5]*Id.*

[6]RCW 13.04.030; RCW 13.04.011.

adjudicate the capacity issue. The trial courts did not lack subject matter jurisdiction.

■ RCW 9A.04.030(1) establishes personal jurisdiction over individuals who commit crimes in this state.[7] The juvenile division of the superior court has personal jurisdiction over individuals under the chronological age of 18 years who commit crimes in this state.[8] Because E.J.Y.'s and B.P.M.'s alleged wrongdoings took place in this state, and the juveniles were physically within this state, the juvenile division of the superior court had personal jurisdiction. The trial courts did not lack personal or subject matter jurisdiction over these juveniles.

■ The juveniles argue that even if violation of JuCR 7.6(e) does not create a jurisdictional defect, the rule creates a mandatory requirement that a capacity hearing be held within 14 days of the filing of an information. Thus, the juveniles contend, the only appropriate remedy for failure to strictly comply with JuCR 7.6(e) is the dismissal of the charges. But the rule does not dictate such an outcome. Rather, it is silent as to the appropriate remedy in cases where the rule is violated.

RCW 9A.04.050 is similarly unhelpful to the resolution of the appropriate remedy for a violation of the rule. The statute sets forth a rebuttable presumption that children over 8 and under 12 years of age are incapable of committing crimes. But the statute does not purport to address when or how that presumption may be rebutted. Thus, in the absence of clear guidance from the legislature, resolution of this issue depends upon an interpretation of our Supreme Court's rule.

■■ Court rules are interpreted using principles of statutory construction.[9] Statutes (and thus court rules) are read together to give each effect and harmonize each with

---

[7]*State v. Werner,* 129 Wn.2d 485, 493, 918 P.2d 916 (1996).

[8]*State v. Anderson,* 83 Wn. App. 515, 518, 922 P.2d 163 (1996), *review denied,* 131 Wn.2d 1009 (1997).

[9]*State v. Blilie,* 132 Wn.2d 484, 492, 939 P.2d 691 (1997).

the other.[10] Moreover, the juvenile rules explicitly state that they should be read in conjunction with the criminal rules where the result is not discordant. JuCR 1.4(b) states:

> **Criminal Rules.** The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes.

CrR 8.1 provides:

> **Time.**
>
> Time shall be computed and enlarged in accordance with CR 6.

CR 6(b) reads:

> **(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

We conclude that under CR 6(b), the trial courts should have considered the merits of the State's motions to extend the time for holding capacity hearings.

The juveniles argue that even if the trial courts dismissed these charges on inappropriate grounds, this court should affirm the rulings because the trial courts could have exercised discretion to arrive at the same result.[11] The State concedes that the trial courts could have discretionarily dismissed charges, but argues that " 'dismissal of charges is an extraordinary remedy available only when there has been prejudice to the rights of the accused which materially affected his or her rights to a fair trial.' "[12] The State

---

[10]*Bour v. Johnson*, 122 Wn.2d 829, 835, 864 P.2d 380 (1993).

[11]*See* CR 8.3.

[12]*State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993) (quoting *City of Spokane v. Kruger*, 116 Wn.2d 135, 144, 803 P.2d 305 (1991)).

further contends that dismissal of charges is unwarranted here because the juveniles have not demonstrated how they have been prejudiced and that the juveniles have thus waived their rights to raise this issue upon remand.

The trial courts requested briefing on the jurisdictional implications of JuCR 7.6(e) and dismissed these charges due to a perceived jurisdictional defect, not as a discretionary act. Hence, we reject both the juveniles' position that this court should affirm the decision below on an alternative basis and the State's position that this court should remand the instant cases for a capacity hearing. On remand, the trial courts should determine whether the State has shown cause to enlarge the 14-day period and, if so, whether the rights of these juveniles have been materially prejudiced.

Reversed and remanded for proceedings consistent with this opinion.

Cox and APPELWICK, JJ., concur.