[No. 19314-4-III.   Division Three.   March 22, 2001.]

THE STATE OF WASHINGTON, *Appellant*, v. DUSTIN W. GILMAN, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*David N. Gasch*, for respondent.

KATO, J. — The State charged Dustin Gilman with two counts of fourth degree assault. Finding the State had violated JuCR 7.6(e), the court dismissed the charges. The State appeals. We affirm the court's finding that the State violated the rule, but remand to determine if dismissal was the appropriate remedy.

On December 16, 1999, 10-year-old Dustin was arrested and booked into detention. He appeared in court the next day for a detention hearing.

On December 21, 1999, the State charged Dustin with two counts of fourth degree assault. He waived arraignment. His capacity hearing was set for January 18, 2000.

Defense counsel then moved to dismiss the charges because the State had violated JuCR 7.6(e), which requires a capacity hearing within 14 days of the juvenile's first court appearance. He argued that Dustin's first court appearance was the detention hearing on December 17. The State countered that the 14-day rule did not apply until

after an information was filed. A court commissioner ruled that, for purposes of JuCR 7.6(e), Dustin's first court appearance was December 17. He dismissed the charges. The State's motion to revise the commissioner's ruling was denied. This appeal follows.

■■ The State argues the court misinterpreted JuCR 7.6(e). The interpretation of a court rule is a question of law that is reviewed de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). We interpret court rules by reference to principles of statutory construction because we approach the rules as if they had been drafted by the Legislature. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993).

■ When a statute is clear on its face, it is not subject to judicial interpretation. *Marquis v. City of Spokane*, 130 Wn.2d 97, 107, 922 P.2d 43 (1996). However, judicial interpretation is permitted when a statute is ambiguous. *State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996). The court should interpret a statute so as to give effect to the legislative intent. *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997).

■ JuCR 7.6(e) provides:

> When a determination of capacity is required pursuant to RCW 9A.04.050, a hearing to determine the juvenile's capacity shall be held within 14 days from the juvenile's first court appearance, separate from and prior to arraignment. Notice of the hearing to determine capacity and its purpose shall be given in accordance with rule 11.2.

The rule requires that a capacity hearing be held within 14 days of the juvenile's first court appearance, separate from and prior to arraignment. This language is unambiguous and therefore not subject to interpretation. Dustin's December 17, 1999 detention hearing was his first court appearance and was separate from and prior to his arraignment. The capacity hearing set for January 18, 2000 was not within 14 days of December 17. The court did not err by determining the State had violated JuCR 7.6(e).

■ ■ The State argues that JuCR 7.6(e) cannot apply prior to the filing of charges because the court lacks jurisdiction until then. But RCW 13.04.030(1)(e) gives juvenile courts broad and exclusive jurisdiction over juveniles who have allegedly committed a crime. There was thus subject matter jurisdiction. *See State v. B.P.M.*, 97 Wn. App. 294, 298, 982 P.2d 1208 (1999). The court also had personal jurisdiction because the alleged crimes occurred in Spokane County, Washington. *See* RCW 9A.04.030(1); *State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996). The juvenile court had jurisdiction over Dustin.

The State also claims that using a juvenile's detention hearing as the first court appearance for purposes of JuCR 7.6(e) leads to absurd results because, among other things, it may require a capacity hearing in cases when informations are never filed.[1] This may be so, but the plain language of the rule requires a capacity hearing within 14 days of the juvenile's first court appearance, separate from and prior to arraignment. A detention hearing is clearly a court appearance.[2]

■ The State also contends that even if JuCR 7.6(e) had been violated, dismissal was not the appropriate remedy. Dustin agrees that remand is proper.

JuCR 7.6(e) does not provide a remedy for its violation.

---

[1] Former JuCR 7.6(e) (1998) provided that "[a] hearing to determine the juvenile's capacity shall be held within 14 days from the filing of the information." The comment to JuCR 7.6 in Proposed Amendments to Rules of Juvenile Court (JuCR) states: "The [deletion of 'filing of the information' and replacement by 'juvenile's first court appearance'] provides clarification with regard to applicability and addresses implementation problems caused by linking the time for the capacity hearing to the filing of the information." 137 Wn.2d at 1148 (1999) (Arraignment and Pleas). The filing of the information is accordingly of no moment in determining when a capacity hearing must be held.

[2] The State also argues that it is impossible to hold a capacity hearing before a charge is filed because capacity must be determined with respect to the actual crime charged. A determination of capacity must be made in reference to the specific act charged. *State v. James P.S.*, 85 Wn. App. 586, 592, 934 P.2d 698 (1997), *aff'd*, 135 Wn.2d 34, 954 P.2d 894 (1998). But in cases where a juvenile is taken into custody prior to the filing of charges, the court must hold a detention hearing within 72 hours. JuCR 7.3(e). At this time, the court should have an affidavit of probable cause before it. The facts contained in that affidavit would be sufficient to permit the court to make a capacity determination.

370

*B.P.M.*, 97 Wn. App. at 299. Dismissal is an extraordinary remedy and should be granted only if other lesser sanctions will not remedy any prejudice to the defendant. *See State v. Garza*, 99 Wn. App. 291, 295, 994 P.2d 868, *review denied*, 141 Wn.2d 1014 (2000). Because the court made no determination as to whether Dustin had been prejudiced by the State's violation of JuCR 7.6(e), remand is indeed appropriate on the issue of prejudice. *See B.P.M.*, 97 Wn. App. at 301.

The case is remanded for proceedings consistent with this opinion.

BROWN, A.C.J., and SWEENEY, J., concur.

Review denied at 144 Wn.2d 1011 (2001).