[No. 29789-2-II.   Division Two.   November 12, 2003.]

GLEN PARK ASSOCIATES, L.L.C., *Appellant*, v. THE DEPARTMENT OF REVENUE, *Respondent*.

*Jon Michael Schorr* and *John R. McDowall* (of *Carney Badley Spellman, P.S.*), for appellant.

*Christine O. Gregoire, Attorney General*, and *Mary C. Lobdell, Assistant*, for respondent.

ARMSTRONG, J.— When Glen Park Associates, L.L.C., purchased an apartment complex, it paid $39,904 in use taxes on refrigerators, dishwashers, washing machines, and clothes dryers. Glen Park later petitioned for a tax refund, arguing that the appliances are fixtures, part of the real property, and should not have been taxed as personal property. On stipulated facts, the trial court ruled that the

appliances are personal property, not fixtures. We agree and, accordingly, affirm.

## FACTS

Glen Park purchased an apartment complex from Bear Capital Joint Venture, paying use tax on personal property contained in the apartment under RCW 82.12.020(1)(a).[1] Bear Capital identified 464 stoves, refrigerators, dishwashers, washing machines, and clothes dryers (appliances) as tangible personal property.[2]

Although located in preconstructed locations within each apartment, the appliances were standard Whirlpool appliances, not specially designed or manufactured for the apartments. Glen Park listed the appliances as personal property for federal tax purposes.

Each apartment contains the five appliances at issue. Ten percent of the stoves are connected to the floor through an antitipping bracket. The remaining 90 percent of stoves have no bracket. The stoves are connected to the wall by a removable electrical plug inserted into an electrical outlet located behind the stove. Workers move the stoves each time a tenant vacates an apartment in order to prepare the apartment for the next tenant. One person can move a stove in approximately one minute without damaging the surrounding walls, cabinets, or floors.

The refrigerators are also attached to the adjoining wall by a single, removable electrical plug. Workers also routinely move the refrigerators to refurbish the apartments. One person can remove a refrigerator in a few minutes.

The dishwashers are located inside a built-in cabinet in the kitchen. They are connected to the wall through a

---

[1] *Compare* RCW 82.08.020(1) *with* RCW 82.12.020(1)(a) (use tax is a companion tax imposed when a seller does not collect a retail sales tax). The use tax's intent is "to tax the privilege of using all tangible property within the state on which sales tax has not been paid." *Sacred Heart Med. Ctr. v. Dep't of Revenue*, 88 Wn. App. 632, 638, 946 P.2d 409 (1997).

[2] The personal property listed by Bear Capital also included other items such as artificial plants and exercise equipment, and totaled $464,000.

dedicated circuit and through hoses connected to the apartment's plumbing system. Dishwashers are removed as needed for repairs or replacement.

The clothes washers and dryers are located in a hallway closet. They are attached to the wall by hoses and electrical plugs. Moving the washer requires a person to turn off the water, cut a wire tie, remove the closet doors and track, and unplug the cord. The washers are not bolted to adjoining walls and are removed each time an apartment is vacated. It takes about 10 minutes to disconnect and move the washer.

The clothes dryers can be removed in a similar manner. It takes one person five to eight minutes to remove the closet track and eight to ten minutes to remove the dryer.

Glen Park and the Department of Revenue (Department) stipulated to the facts and asked the court to decide whether the appliances were fixtures or personal property as a matter of law. The trial court entered findings of fact and conclusions of law, but it did not include four stipulations and truncated two other stipulations. The trial court concluded that the appliances were not annexed to the realty and that both the seller and Glen Park intended to treat the appliances as personal property.

## ANALYSIS

### I. Standard of Review

The parties disagree as to our standard of review. Glen Park contends that the parties submitted the case to the trial court on stipulated facts and asked the court to rule under CR 56 (summary judgments). According to Glen Park, we should review the facts de novo. The Department contends that the parties submitted the case to the trial court as a stipulated facts trial. According to the Department, we should review the record for substantial evidence and then determine whether the findings support the conclusions of law.

■ We agree with the Department for several reasons. First, neither party moved for summary judgment. And the parties did not argue the case to the trial court as a summary judgment. Thus, neither party argued that issues of material fact prevented the court from ruling as a matter of law; rather, both parties asked the court to rule as a matter of law. Accordingly, we review the record for substantial evidence in support of the findings and then consider whether the trial court erred in applying the law to the facts to reach its legal conclusions. *In re Marriage of Stern*, 68 Wn. App. 922, 928-29, 846 P.2d 1387 (1993); *Med. Consultants N.W., Inc. v. State*, 89 Wn. App. 39, 44 n.2, 947 P.2d 784 (1997) (applying same standard of review for cases heard on stipulated facts).

## II. The Tax

■ The State imposes a use tax on personal property. RCW 82.12.020(1). We narrowly construe the tax exemptions, and a taxpayer who claims an exemption carries the burden of proving he or she qualifies for it. *Budget Rent-A-Car of Wash.-Or., Inc. v. Dep't of Revenue*, 81 Wn.2d 171, 174-75, 500 P.2d 764 (1972). We apply the common law test of fixtures to determine whether a particular item is personal property or real property. *Dep't of Revenue v. Boeing Co.*, 85 Wn.2d 663, 667, 538 P.2d 505 (1975); *W. Ag Land Partners v. Dep't of Revenue*, 43 Wn. App. 167, 171, 716 P.2d 310 (1986).

## III. The Stipulated Facts

Glen Park argues that the trial court erred by failing to include certain stipulated facts in its written findings of fact. Glen Park maintains that the omitted stipulations "demonstrate the tax implications of all other transactions involving the subject appliances." Appellant's Br. at 7. Specifically, Glen Park points to the rental arrangement with tenants, the potential resale of the appliances, the

original appliance installations, and the appliance cleaning or repair.

 Factual stipulations generally bind the parties and the court. *Ross v. State Farm Mut. Auto. Ins. Co.*, 132 Wn.2d 507, 517-18, 940 P.2d 252 (1997). When a case is submitted to the trial court on stipulated facts, neither party may argue on appeal that the facts were other than as stipulated. *State ex rel. Carroll v. Gatter*, 43 Wn.2d 153, 155, 260 P.2d 360 (1953). A trial court, however, is not obligated to find every probative fact necessary to establish the ultimate facts. *Shorrock v. Shorrock*, 185 Wash. 623, 626, 56 P.2d 674 (1936) (citing *Harbican v. Chamberlin*, 82 Wash. 556, 144 P. 717 (1914)). The court is required to make only findings that enable the appellate court to determine the basis for the trial court's decision. *Bowman v. Webster*, 42 Wn.2d 129, 134, 253 P.2d 934 (1953). Accordingly, we reject Glen Park's argument that the trial court was required to include all of the stipulated facts in its decision.

And the stipulated facts support the trial court's findings. The court considered the nature of the appliances, how they are attached to the real property, where they are placed in the apartments, the rental arrangements with tenants, and Glen Park's listing of the appliances in its tax returns.

## IV. The Common Law Fixture Test

 A chattel becomes a fixture if: (1) it is actually annexed to the realty, (2) its use or purpose is applied to or integrated with the use of the realty it is attached to,[3] and (3) the annexing party intended a permanent addition to the freehold. *Boeing*, 85 Wn.2d at 667-68 (quoting *Lipsett Steel Prods. v. King County*, 67 Wn.2d 650, 652, 409 P.2d 475 (1965)). Each element of this three-pronged test must be met before an article may properly be considered a fixture. *Boeing*, 85 Wn.2d at 668. Evidence of intent is gathered from the surrounding circumstances at the time of installation. *Boeing*, 85 Wn.2d at 668. The court should

---

[3] The Department conceded that the appliances meet this element.

consider all pertinent factors reasonably bearing on the annexor's intent, including, but not being limited to, the nature of the article affixed, the relation and situation to the freehold of the annexor, the manner of annexation, and the purpose for which the annexation is made. *Boeing*, 85 Wn.2d at 668.

■■ ■ Generally, appliances that are not specially designed for or permanently affixed to the building and need only be plugged in to operate remain personal property and do not become fixtures. *Emerald City Elec. & Lighting, Inc. v. Jensen Elec., Inc.*, 68 Wn. App. 734, 740, 846 P.2d 559 (1993). A refrigerator in an apartment unit is considered personal property, given the parties' intent, the item's stock nature, its installation, and its possible removal without material damage. *Provident Mut. Life Ins. Co. of Phila. v. Smith*, 175 Wash. 356, 363, 27 P.2d 580 (1933).

A. Annexation

Glen Park argues that the trial court misapplied the common law fixtures test, particularly the first element—annexation. Specifically, Glen Park argues that the trial court should have considered "whether the article is 'in use as an essential part' of the overall use of the property, or is constructively annexed to the property." Appellant's Br. at 11 (quoting *W. Ag Land Partners*, 43 Wn. App. at 172).

■■ *Western Ag Land Partners* involved a center pivot irrigation system (CPIS) attached to a six-cubic-yard concrete slab. The court found that the CPIS was constructively annexed to the property because it was "an integral part of the irrigation system, which includes the concrete center pivot and underground waterlines, both being actually annexed to the property." *W. Ag Land Partners*, 43 Wn. App. at 172-73. And this met the constructive annexation test because it was "specially fabricated for installation or . . . a necessary functioning part of or accessory to an object which is a fixture." *W. Ag Land Partners*, 43 Wn. App. at 172. *Western Ag Land Partners* does not help Glen Park. The appliances here were not specially fabricated for the

apartments and they were not necessary parts of or accessories to fixtures.

■ Moreover, although *Western Ag Land Partners* does say whether the article that is "in use as an essential part of the [overall use of the property]" may be considered in deciding whether it is annexed, the court cited *Courtright Cattle Co. v. Dolsen Co.*, 94 Wn.2d 645, 657, 619 P.2d 344 (1980), for this proposition. *Courtright* does not support the statement. *Courtright* held that a large clarifier was a fixture in a potato processing plant. After setting out the three-prong common law test for fixtures, the *Courtright* court addressed each:

> There was testimony that it could not be removed without substantial damage both to itself and to the realty. It was in use as an essential part of the processing plant. Warden's [the annexor] intent must surely have been to permanently affix the clarifier.

*Courtright*, 94 Wn.2d at 656-57.

Thus, *Courtright* did not say that the article's use may be considered in testing for annexation. Rather, the court simply explained its holdings with one sentence on each of the three elements. We decline to follow *Western Ag*'s suggestion that use may be considered in deciding annexation. To do so would blur the lines between the first and second elements of the test and could minimize or eliminate the first.

■ Here, the court concluded that the appliances were neither actually nor constructively annexed to the realty. This conclusion is supported by the findings that the appliances were not specially fabricated for the apartments, they were only minimally connected to the realty, and each could be easily and quickly removed. And the trial court did not misapply the common law test for fixtures in deciding the appliances were not annexed to the realty.[4]

---

[4] We might consider the dishwashers differently because of their annexation to the realty. The dishwashers are hard-wired and more permanently plumbed than

■ But Glen Park points to language in *Western Ag* that "[w]hen a property owner attaches the article to the land[,] he is rebuttably presumed to have annexed it with the intention of enriching the freehold." *W. Ag Land Partners*, 43 Wn. App. at 173. *Western Ag* cited *Nearhoff v. Rucker*, 156 Wash. 621, 287 P. 658 (1930), for the proposition. The actual statement in *Nearhoff* is "when the *annexation* of a fixture is made by the owner of the property, the presumption is that it was annexed with the intention of enriching the freehold." *Nearhoff*, 156 Wash. at 628 (emphasis added). Thus, *Nearhoff* did not say that any attachment to the property gives rise to the presumption; rather, *annexation* creates the presumption. And annexation is attachment sufficient to establish the first element of the fixture test. Here the trial court found the appliances were not annexed to the property. Accordingly, the presumption does not apply.

B. <u>Intent</u>

Glen Park argues that the trial court failed to give sufficient weight to the annexor's intent when applying the common law fixture test. Glen Park points to evidence that (1) the apartments were specifically designed to accommodate each particular appliance in a particular location, (2) tenants expect units with major appliances as part of their rental contract, and (3) the Deed of Trust for the apartment complex treats the appliances as fixtures.

In its reply brief, Glen Park focuses on Bear Capital's intent as the "original annexor." Appellant's Reply Br. at 10-11. Glen Park argues that because Bear Capital's intent is the most important factor, designating the appliances as personal property in the purchase and sale agreement and Glen Park's depreciation of the appliances are irrelevant.

■ Intent is the most important part of the fixtures test. *W. Ag Land Partners*, 43 Wn. App. at 173. The court determines a party's intent to affix items through objective

the other appliances. But at oral argument, Glen Park asked us to consider the appliances as a group, not separately. We have done so.

evidence rather than through the party's subjective belief. *Boeing*, 85 Wn.2d at 668. Relevant factors bearing on the annexor's intent include the nature of the article affixed, the relation and situation to the freehold of the annexor, the manner of annexation, and the purpose for the annexation. *Boeing*, 85 Wn.2d at 668.

██ ██ While an apartment may be constructed to house particular appliances, the adaptability of a machine to a business use conducted on realty is not alone sufficient to characterize the machinery as realty. *Chase v. Tacoma Box Co.*, 11 Wash. 377, 385, 39 P. 639 (1895). Further, the special cabinets and locations suggest only that the builder intends that someone will place appliances in them. Presumably the builder would prepare the same places with appropriate wiring and plumbing if the first owner intended to rent the apartments without appliances. The tenants would then furnish the appliances but the apartments would still need special places with the appropriate wiring and plumbing.

██ And the Deed of Trust is an agreement between Glen Park and its lender, evidencing primarily what the lender wants available as collateral for its loan. Glen Park did not intend to treat all items listed on the Deed of Trust as fixtures. In particular, Glen Park paid use tax on the artificial plants and trees and the exercise equipment listed on the Deed of Trust, and it does not argue that these items are fixtures.

Finally, Glen Park stresses its intent and Bear Capital's intent to rent the apartments with appliances. Glen Park reasons that "[i]n the economic sense, the subject apartment units are generally not marketable as residential dwellings without . . . the appliances." Appellant's Br. at 16. Boeing made a similar argument to support its claim that large jigs were fixtures. *Boeing*, 85 Wn.2d at 669. Boeing used the large jigs to build its model 747; the jigs could not be used to build other planes; and Boeing had no plans to stop building the model at the particular plant. Nevertheless, the court was not persuaded that Boeing intended the

jigs to be permanent because their continued use depended solely on Boeing's continued use of the plant to build 747s. *Boeing*, 85 Wn.2d at 669.

Similarly, although Glen Park may now intend to rent the apartments with appliances, that plan could change at any time. If the economics of apartment rentals change, Glen Park could find it advantageous to rent the units without appliances.

We conclude that the trial court did not err in finding that Glen Park and its predecessor intended the appliances to be personal property. Moreover, an item is a fixture only if it satisfies all three elements of the test. Thus, even if Glen Park and Bear Capital did intend the appliances to be permanent, Glen Park's claim would fail because the appliances are not annexed to the realty.

Glen Park relies on *Lincoln Ballinger Ltd. Partnership v. Department of Revenue*, No. 51253, 1999 WL 1124058 (Wash. Bd. of Tax Appeals Jan. 29, 1999), to support its fixtures claim. The Board of Tax Appeals, however, had previously reached a contrary conclusion in *Corvin v. Cook*, No. 29506, 1986 WL 74097 (Wash. Bd. of Tax Appeals May 30, 1986). Although we sometimes give considerable weight to an agency's interpretation of the law, we do not do so where the interpretations are inconsistent and not conclusive. *W. Ag Land Partners*, 43 Wn. App. at 171. The Board of Tax Appeals' decisions are inconsistent on this issue, thus they are not instructive here.

## V. Department's Application

Glen Park next argues that the trial court's ruling is inconsistent with the Department's historical application of the business and occupation tax. Specifically, Glen Park argues that apartment and condominium rentals (over 30 days) are generally considered exempt from business and occupation taxes. WAC 458-20-118(1), (2). And, according to Glen Park, the appliances are part of the entire rental package. Glen Park maintains that the Department is

inconsistent in attempting now to treat any portion of the gross income as personal property rental.

The Department counters that Glen Park sees inconsistencies where none exist. It reasons that Glen Park's purchase of personal property to use in apartment rentals does not mean that each apartment rental includes separate appliance rentals. We agree. Finally, the Department does not, in fact, collect business and occupation tax on any part of the rental income; rather, it treats Glen Park's rental income as apartment rental income.

Glen Park bolsters its inconsistency argument by pointing out that if the Department is correct, they and other landlords are entitled to refunds of the sales taxes they paid when purchasing the appliances because they would qualify as persons who purchased for resale under RCW 82.04.050.[5] We disagree.

██ ██ To qualify for the resale exemption, Glen Park must show (1) it purchased the property for resale, (2) it resold the property in its regular course of business, and (3) it did not use the property before the resale. RCW 82.04.050(1)(a). To constitute a resale, the item purchased or leased must be resold in the same unit as purchased. *Black v. State*, 67 Wn.2d 97, 103, 406 P.2d 761 (1965) (corporation which leased a cruise ship did not resell it by leasing out individual cabins).

Glen Park fails on two of the requirements. First, it did not purchase the appliances for resale, it purchased the appliances as part of the apartment complex. But then, Glen Park resold (rented) the entire apartment, with the individual appliances as part of the package. Thus, as in *Black*, Glen Park did not resell the various appliances by renting apartments to tenants. In addition, Glen Park was not regularly in the business of renting appliances. Glen

---

[5] Under RCW 82.04.050, a person generally is required to pay a sales tax on all retail sales unless the sale is "to a person who presents a resale certificate under RCW 82.04.470 and who: (a) Purchases for the purpose of resale as tangible personal property in the regular course of business without intervening use by such person." RCW 82.04.050(1)(a).

Park rents apartments, which include various appliances. But Glen Park does not separately rent appliances.

We find no inconsistency in the Department's administration of the business and occupation tax.

Affirmed.

QUINN-BRINTNALL, A.C.J., and BRIDGEWATER, J., concur.