# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MORPHO DETECTION, INC., | ) | |
| | ) | |
| | ) | No. 73663-9-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| DEPARTMENT OF REVENUE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 28, 2016 |

SPEARMAN, C.J. — The Washington State Department of Revenue (DOR) assessed use tax on Morpho Detection Inc.'s (Morpho) installation of security systems for the Transportation Security Administration (TSA) in the Seattle-Tacoma (Sea-Tac) and Spokane airports. Morpho paid the assessment and sought a refund under RCW 82.32.180, claiming that it was not a "consumer" and therefore not subject to the use tax. The trial court granted summary judgment and held that the contractor was not subject to the tax because it performed no work "under, upon, or above real property of or for the United States." RCW 82.04.180(6). DOR appeals.

We conclude that as a matter of law, Morpho is a "consumer" and therefore subject to the use tax under RCW 82.12.020. Accordingly, we reverse and remand for entry of partial summary judgment in favor of DOR.

FACTS

Morpho Detection Systems (Morpho) had two national contracts with the Transportation Security Administration (TSA) to manufacture and install explosive detection systems in airports, including the Sea-Tac and Spokane International Airports. The TSA issued a solicitation on November 3, 2001, for contractors capable of manufacturing and installing such systems. At that time, Morpho was one of two companies with explosive detection products already certified by the federal government. Morpho responded to TSA's request for proposals, describing the products as well as the planning, installation, maintenance, and training services it had to offer.

Morpho was awarded the contract and began manufacturing and installing explosive detection systems across the country, seeking to meet TSA's deadline of December 31, 2001. Morpho continued to negotiate terms with the federal government and the parties entered into two contracts for the manufacture and "site installation support" that set up a price-per-system that included system assembly and provided the government with the ability to order additional services. Clerk's Papers (CP) at 206.

Morpho assembled and installed 41 systems at Sea-Tac and 5 at the Spokane airport, receiving over $48 million from the federal government for its work. DOR performed an audit on Morpho's activities at the airports for the period of January 1, 2002 to March 31, 2006. Based on this audit, DOR

assessed a total tax of $5,423,645, including $4,191,799 in use tax. The amount of the tax was calculated based on the value of the personal property that Morpho had installed at the airports.

Morpho appealed the assessment to DOR's internal appeals division. The appeals division affirmed that Morpho owed use tax for installing the systems at the two airports. The decision was based primarily upon finding that Morpho "installed" the systems. CP at 659-70. The appeals division also interpreted RCW 82.12.020 and RCW 82.04.190(6) as requiring the tax to be collected when the business conducted is for the United States, even if not conducted on United States' property.

Morpho challenged the assessment before the Federal Aviation Administration's Office of Dispute Resolution for Acquisition (ODRA). Morpho argued that Washington's use tax was an "after-imposed tax" that should have been TSA's responsibility, not the contactor's. CP at 593. The ODRA disagreed, and found that it was not an after-imposed tax and affirmed DOR's interpretation of RCW 82.04.190(6). Morpho appealed the issue to the D.C. Circuit Court of Appeals. The Circuit Court denied the petition, holding that because Washington had not changed its definition of "consumer" since 1975, it was reasonable that Morpho should have known that it might be subject to use tax for its activities in Washington. Morpho Detection, Inc. v. Transp. Sec. Admin., 717 F.3d 975, 982 (D.C.Cir.2013).

Morpho then brought a tax refund claim in Thurston County Superior Court under RCW 82.32.180. Morpho moved for summary judgment on the issue of whether it fell under the definition of a "consumer" in RCW 82.04.190(6) and was therefore subject to the use tax. DOR cross-moved for partial summary judgment on the same issues. The trial court agreed with Morpho that the term "of or for" as used in RCW 82.04.190(6) modifies the term "real property." Verbatim Report of Proceedings (VRP) at 30. Thus, in order to meet the statutory definition of a "consumer," the work done by Morpho had to have been done either on real property "of the United States," i.e., owned by the United States or real property "for the United States," i.e., property in which the United States held a lesser property interest, such as "a lease, a license, an easement or something of that issue." VRP at 31. Because it was undisputed that the United States neither owned nor held a lesser property interest in Sea-Tac or the Spokane airport, the trial court ruled that Morpho was not a consumer and not subject to the use tax. DOR appeals the trial court's order granting summary judgment in Morpho's favor and the denial of its motion for partial summary judgment.

## DISCUSSION

Because this case involves questions of statutory interpretation and review of a summary judgment order, our review is de novo. Flight Options, LLC v. Dep't. of Revenue, 172 Wn.2d 487, 495, 259 P.3d 234 (2011) (citing Lamtec Corp. v. Dep't of Revenue, 170 Wn.2d 838, 842, 246 P.3d 788 (2011)). Statutory

interpretation begins with the statute's plain meaning. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We discern plain meaning from the ordinary meaning of the language at issue, the statute's context, related provisions, and the statutory scheme as a whole. Id. (citing State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)). While we look to the broader statutory context for guidance, we must not add words where the legislature has chosen not to place them and we must construe statutes such that all of the language is given effect. Id. If the statute is unambiguous after a review of the plain meaning, the court's inquiry is at an end. Id.

When a statute is ambiguous, however, we will "resort to principles of statutory construction, legislative history, and relevant case law to assist in [its interpretation]." Yousoufian v. Office of King County Exec., 152 Wn.2d 421, 434, 98 P.3d 463 (2004) (quoting State v. Watson, 146 Wn.2d 947, 955, 51 P.3d 66 (2002)). "[A] statute is ambiguous if it can be reasonably interpreted in more than one way." Id. at 433-34, (quoting Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd., 127 Wn.2d 759, 771, 903 P.2d 953 (1995)). However, a statute is not ambiguous simply because different interpretations are possible and we are not obliged to discern any ambiguity by imagining a variety of alternative interpretations. American Continental Ins. Co. v. Steen, 151 Wn.2d 512, 518, 91 P.3d 864 (2004).

The state imposes a use tax on "every person in this state ... for the privilege of using within this state as a consumer any: (a) Article of tangible personal property acquired by the user in any manner...." RCW 82.12.020(1)(a). In this context, "use" has its ordinary meaning, and "[w]ith respect to tangible personal property," means "the first act within this state by which the taxpayer takes or assumes dominion or control over the article of tangible personal property (as a consumer), and include[s] installation, storage, withdrawal from storage, distribution, or any other act preparatory to subsequent actual use or consumption within this state; . . . " RCW 82.12.010(6)(a). Exemptions to this tax are narrowly construed and the taxpayer claiming an exemption has the burden of proving that he or she qualifies. Glen Park Associates, LLC v. Dep't. of Revenue, 119 Wn. App. 481, 486, 82 P.3d 664 (2003).

Morpho conceded at trial that it installed the detection systems in Washington. It is undisputed that the federal government does not own or have any other interest in the real property upon which the airports are located. The question before us is whether Morpho's "use" of the systems falls within the privilege of using "as a consumer" under RCW 82.12.020. "Consumer" under RCW 82.04.190(6) means, in relevant part, the following:

> (6) Any person engaged in the business of constructing, repairing, decorating, or improving new or existing buildings or other structures under, upon, or above real property of or for the United States, any instrumentality thereof, or a county or city housing authority created pursuant to chapter 35.82 RCW, including the installing or attaching of any article of tangible personal property

6

therein or thereto, whether or not such personal property becomes a part of the realty by virtue of installation....

(Emphasis added). Neither party argues that the statute is ambiguous, thus the sole point of contention is the plain meaning of the phrase "for the United States" as it is used in the statutory definition of "consumer."

DOR argues that under the statute, a contractor doing work for the federal government is a consumer and subject to the use tax in two circumstances. If the work is done on existing structures or buildings on real property "of," i.e., owned by the United States or if the work is done "for," i.e., on behalf of the United States. Br. of Appellant at 20-21. Thus, it argues that the antecedent to the word "of" is the term "real property," while the antecedent to the word "for" is the activity of "constructing, repairing, decorating or improving new or existing buildings or other structures. . . ." And because there is no dispute that Morpho's activity of installing systems for TSA in the state's airports was done for the United States, DOR contends Morpho clearly falls within the statutory definition of a "consumer." Id.

Morpho, on the other hand, contends that "of" and "for" must have the identical antecedent, which it argues is the term "real property." Thus, it argues that "real property of...the United States" refers to property owned by the United States and "real property ... for the United States" necessarily means real property in which the United States has a lesser property interest, such as a lease or an easement. Br. of Respondent at 16-17.

7

According to Morpho, DOR's reading of the statute fails because it violates normal rules of grammar. It contends that for DOR's reading to be correct, the rules of grammar require a comma or other punctuation after "real property."[1] It also argues that because "[t]he antecedents for the words 'of or for' need to be identical ... [DOR's] construction does violence to the English language." Id. at 14. These arguments are unpersuasive, however, because Morpho cites no authority in support of them. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we need not consider arguments unsupported by authority.)

Morpho also contends that DOR's reading fails because it renders portions of the statute meaningless or superfluous. Br. of Respondent at 14-15. It argues that because everything is "under, upon, or above real property" in order to have meaning, "those words need to be tied to the phrase 'of or for the United States.'" Id. We disagree. First, Morpho cites no authority for this proposition.

---

[1] Morpho never refers to the "last antecedent" rule, but its argument that "for the United States" refers back to "real property," appears to rely on the rule's application. The "last antecedent" rule is a rule of grammar employed to aid in discerning the plain meaning of statutory language. State v. Bunker, 169 Wn.2d 571, 578, 238 P.3d 487 (2010). The rule provides that qualifying or modifying words and phrases refer to the last antecedent. A corollary principle is that "'the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one.'" Id. (Quoting City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). But we do not apply the rule if other factors, such as context and language in related statutes, indicate contrary legislative intent or if applying the rule would result in absurd or nonsensical interpretation. Id. And while "the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one," (Sehome Park, 127 Wn.2d 774, 781-82, 903 P.2d 443 (1995)) the absence of a comma does not automatically indicate that the rule applies, nor does it require two qualifiers to have the same antecedent.

Second, the argument assumes the question. The words only have no meaning if one assumes, as Morpho argues, that the legislature intended the antecedent to both the words "of" and "for" to be identical and further assumes that antecedent to be the activity of "constructing, repairing, decorating or improving new or existing buildings or other structures." But this is not DOR's argument. DOR contends that under a plain reading of the statute, the antecedents are not identical. Indeed, the parties agree that the antecedent to word "of" are the words "under, upon, or above real property." Thus, under either party's reading of the statute the words retain their meaning.

Morpho's contention that "'[r]eal property is for' the United States" means "the United States has an easement, lease, right to possess or other such interest in the real property" also fails. Br. of Respondent at 16-17. First, Morpho cites no authority for its claim that the ordinary meaning of the language at issue refers to a property interest held by the United States. Morpho appears to rely solely on its contention that DOR propounded this meaning of "for the United States" in its opposition to Morpho's motion for summary judgment. Br. of Respondent at 17, n.14-15. Morpho appears to contend that because the trial court relied upon DOR's own definition, it should not now be heard to take a contrary position. Id. The argument is without merit. In its opposition brief, DOR made two points: First, that in the retail sales context the definition of consumer includes "work performed on real property *of or for* an owner, lessee, easement

9

holder, etc." CP at 69. And second, that the definition of "consumer" set out in RCW 82.04.190(4) includes "[a]ny person who is an owner, lessee, or has the right of possession to or an easement in real property," as an example of language that the legislature could have included in RCW 82.04.190(6) if that was its intention. CP 80. Neither argument suggests that "for the United States" should be read as meaning a less than fee simple ownership interest. Moreover, a dictionary definition of the word "for" is its use "as a function word to indicate the person or thing that something is to be delivered to . . . ."[2] Thus, ordinarily the phrase "for the United States" would be construed to refer to the United States as the recipient of an activity or tangible property, not the owner of an interest in real property.

Additionally, Morpho's interpretation is strained and leads to absurd results. It is strained because while "real property of the United States" is easily understood to refer to property owned by the United States, the phrase "real property for the United States" does not easily or naturally convey a reference to real property in which the United States has an interest but does not own. And, if the legislature had meant to convey such meaning, it easily could have done so

---

[2] "'For' used as a function word to indicate the person or thing that something is to be delivered to <to any letters ~ me> or assigned to <a slot ~ out of town mail> or used by or in connection with <are those the tires ~this car>." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 886 (2002).

as it has elsewhere in 82.04 RCW.[3] (See In re Marriage of McLean, 132 Wn.2d 301, 307, 937 P.2d 602 (1997), "If the Legislature had intended to require evidence of actual delivery, it could have said so expressly, as former RCW 46.64.040 and RCW 12.40.040 demonstrate.")

Morpho's interpretation leads to absurd results when it is viewed in the context of the entire statute. RCW 82.04.050 defines what is included and excluded from a "retail sale" for purposes of imposition of the state's sales tax. Subsection (2)(b) includes within that definition "the sale of or charge made ... for labor and services rendered in respect to ... constructing, repairing, decorating, or improving of new or existing buildings or other structures under, upon, or above real property of or for consumers ...." But because the Supremacy Clause of the United States Constitution limits the ability of the state to tax the federal government,[4] the statute excludes from imposition of a sales tax "the sale of or charge made for labor and services rendered in respect to constructing,

---

[3] See e.g., RCW 82.04.050(2)(c) imposing sales tax on the constructing of a structure upon real property "owned by an owner" who conveys the property to the contractor who then reconveys the property to the original owner; RCW 82.04.050(10) excluding from the retail sales tax the charge for labor and services rendered in respect to the building of a road "owned by ... the United States"); RCW 82.04.190(5) (defining as a "consumer" any person who is an "owner, lessee, or has the right of possession to personal property which is being constructed, repaired, improved, cleaned, imprinted, or otherwise altered by a person engaged in business.")

[4] See, M'Culloch v. State of Maryland, 17 U.S. 316, 317, 4 L.Ed. 579 (1819) ("[S]tates have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the national government."), State v. Wiles, 116 Wash. 387, 391, 199 P. 749 (1921) ("It is doubtless true that the states may not directly tax the property of the federal government, nor the instrumentalities which it uses to discharge any of its constitutional functions, nor may a state, by taxation or otherwise, materially interfere with the due, expeditious, and orderly procedure of that government while in the exercise of its constitutional powers.").

repairing, decorating, or improving of new or existing buildings or other structures under, upon, or above real property of or for the United States ...." RCW 82.04.050(12).

The use tax, however, is a constitutional means by which the state may subject this event to taxation. Significantly, in so doing, the statutory language excluding work done for the United States from the sales tax and subjecting such work to the use tax is nearly identical. Each includes the language at issue here, "constructing, repairing, decorating, or improving of new or existing buildings or other structures under, upon, or above real property of or for the United States." Because these statutes are interrelated and relate to the same subject matter, they must be read together and harmonized, if possible, to give effect to the provisions of each. Harmon v. Department of Social and Health Services, 134 Wn.2d 523, 542, 951 P.2d 770 (1993), Wright v. Miller, 93 Wn. App. 189, 198, 963 P.2d 934 (1998).

Morpho does not contend that the language of either provision should be read differently from the other. But if the meaning of each statute is the same, under Morpho's reading of the statute, we would necessarily have to conclude that RCW 82.04.050(12) does not exclude from the sales tax work done for the federal government if it is done on land in which the federal government holds no interest. This result is absurd for at least two reasons. First, it is contrary to the legislative scheme which clearly seeks to avoid imposing a sales tax on the

federal government and instead relies on the use tax. And second, imposing such a tax on the United States is likely unconstitutional[5] and the legislature surely did not intend such a result.

We reject Morpho's reading of RCW 82.04.190(6). Its contention that the statute is only applicable if the United States has an interest of some sort in the real property upon which the work is done, is unsupported by authority or other persuasive argument. In light of the language used in the statute and the overall legislative scheme, we agree with DOR that its only reasonable reading is that the use tax applies to a contractor who either installs tangible property on real property owned by the federal government or for the federal government. In the latter circumstance, it is irrelevant whether the United States also has some interest in the real property upon which the work is done. Here, because it is undisputed that Morpho installed security systems for the United States at Sea-Tac and the Spokane airports, it is a consumer, as a matter of law, under RCW 82.04.190(6). Accordingly, we reverse and remand for entry of order granting

---

[5] The issue of the constitutionality of such a tax is not before us so we need not and do not address this question, but we note that neither party has asserted that such a tax on the federal government would be permissible.

partial summary judgment in favor of DOR.[6]

WE CONCUR:

Spearman, C.J.

Trickey, J.

Leach, J.

---

[6] Because we agree with the parties that the statute is unambiguous, we do not address their arguments based on various rules of statutory construction.